# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                                    Case No. 07-CR-104

**CHADWICK HOLMES, et. al.,**

      **Defendants.**

## ORDER

On August 21, 2007, the grand jury returned an eight count superseding indictment alleging that Chadwick Holmes ("Holmes"), as well as four other defendants, (count one) conspired to distribute crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C) and 846, (count two) possessed with intent to distribute more than five grams of crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B), (count three) possessed a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), (count four) possessed a firearm after having been convicted of a felony, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), and (count eight) conspired to injure an individual in retaliation for that individual's cooperation with law enforcement, in violation of Title 18, United States Code, Sections 1513(b)(2), 1513(e) and 2. On August 23, 2007 the case against Holmes was ordered unsealed.

On September 26, 2007, Holmes filed various pretrial motions, including a motion to suppress evidence wherein he requested an evidentiary hearing. (Docket No. 45.) In this motion, Holmes does not indicate that he conducted the conference with the government as is required by

Criminal L.R. 12.3 and the government has not responded to Holmes' request for an evidentiary hearing. Holmes indicates that an evidentiary hearing is necessary on the basis that a factual dispute exists as to whether the police were permitted under the Fourth Amendment to search his person and residence on January 1 and 2 of 2005.

Based upon the representations contained in Holmes' motion, the court agrees that an evidentiary hearing is necessary to resolve the defendant's motion and therefore shall grant the defendant's request.

The court shall now take this opportunity to resolve certain other of the defendant's motions.

Holmes filed a motion to exclude evidence of prior convictions. (Docket No. 41.) This motion is premature and is a matter to be raised as a motion in limine before the district judge. Therefore, the court shall deny the defendant's motion without prejudice.

Holmes has filed a motion for notice of the government's intention to use evidence of other crimes, wrongs, or acts pursuant to Federal Rule of Evidence 404(b). (Docket No. 47.) Pursuant to Rule 404(b), a formal motion is not required but rather a defendant must simply request notice. The defendant's motion shall serve as the required notice and therefore no further action of this court is required. If the government shall seek to admit evidence of other crimes, wrongs, or acts, it shall be in accordance with Rule 404 and related Federal Rules of Evidence.

Holmes filed a motion for notice pursuant to Federal Rule of Criminal Procedure 12(b)(4) of the government's intent to use evidence that is arguably subject to suppression. (Docket No. 43.)

The purpose of Rule 12(b)(4)(B) is to prevent the defendant from having to move to suppress evidence that the government has no intention of using. United States v. Anderson, 2006 U.S. Dist. LEXIS 6692, 4 (D.D.C. 2006) (quoting Fed. R. Crim. P. 12 Advisory Committee Note to 1974 Amendment). This rule is not intended to be used as a strategic tool by which a defendant may

be able to ascertain the government's trial strategy. United States v. El-Silimy, 228 F.R.D. 52, 57 (D. Me. 2005) (quoting United States v. Cruz-Paulino, 61 F.3d 986, 993-94 (1st Cir. 1995)).

Simply complying with an open file policy is insufficient to satisfy Rule 12(b)(4)(B) because merely making discovery available for inspection does not inform a defendant upon what evidence the government intends to rely. Anderson, 2006 U.S. Dist. LEXIS 6692, 6 n.1; United States v. Brock, 863 F. Supp. 851, 868 (E.D. Wis. 1994); United States v. Kelley, 120 F.R.D. 103, 107 (E.D. Wis. 1988).

Compliance with a defense request under Rule 12(b)(4)(B) is mandatory. Anderson, 2006 U.S. Dist. LEXIS 6692, 5 (quoting Fed. R. Crim. P. 12, Notes of the Committee on the Judiciary to 1975 Enactment, Amendments Proposed by the Supreme Court, H.R. Rep. No. 94-247). Rule 12(b)(4)(B), like Federal Rule of Evidence 404(b), entitles the defendant to certain information upon request; no court order or intervention is required. A defendant's request for notice may be mooted by the government's good-faith statement that it intends to use at trial all evidence in its open file that is subject to disclosure under Rule 16. Brock, 863 F. Supp. at 868. In light of the fact the Rule 12(b)(4)(B) imposes a mandatory obligation upon the government that arises without court intervention, no further action is required by this court.

Holmes filed a motion to require all federal and state law enforcement officers to return and preserve all handwritten notes generated as part of the investigation. (Docket No. 46). As stated by the defendant, the relief sought at this time is not the production of such notes, but just their preservation until such time as it may be determined that production is warranted. Without preservation, there can be no subsequent production. The motion will be granted.

Finally, Holmes has filed a motion for leave to file additional motions. (Docket No. 49.) As the basis for this motion, Holmes argues that additional motions may be necessary depending upon what information the government may provide in response to his other motions. The court shall

deny Holmes' motion to file additional motions without prejudice. It is should become necessary to file additional motions based upon newly discovered evidence, the defendant shall file a motion requesting leave and detailing specifically why such a motion could not have been filed earlier.

**IT IS THEREFORE ORDERED** that Holmes' request for an evidentiary hearing is **granted**. The court shall conduct an evidentiary hearing on **October 30, 2007** at **1:30 p.m.** in Courtroom 254 of the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin. The court has scheduled two hours of court time for this matter. If either party believes that additional time is necessary for this hearing, the party shall promptly notify the court of this fact upon receipt of this order.

**IT IS FURTHER ORDERED** that Holmes' motion to exclude evidence of prior convictions, (Docket No. 41), is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Holmes' motion for notice of the government's intent to use evidence of other crimes, wrongs, or acts, (Docket No. 47), is **denied**. The defendant's motion shall serve as the request for notice under Federal Rule of Evidence 404.

**IT IS FURTHER ORDERED** that Holmes' motion for notice pursuant to Federal Rule of Criminal Procedure 12(b)(4), (Docket No. 43), is **denied**. The defendant's motion shall serve as the request for notice under Rule 12(b)(4).

**IT IS FURTHER ORDERED** that Holmes' motion to file additional motions, (Docket No. 49), is **denied without prejudice**. If it should become necessary to file additional motions, a specific motion for leave should be filed accompanied by a showing of good cause as to why the motion could not have been filed earlier.

Dated at Milwaukee, Wisconsin this <u>3rd</u> day of October, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge